UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY EDWIN STEVENSON, SR., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 15-CV-1340 |
| MARTIN MEREDITH, et al., | ) ) ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**JOE BILLY MCDADE, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Vandalia Correctional Center.  This case was transferred from the Northern District of Illinois and is now before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1]  In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  This case must also be dismissed if the plaintiff did not follow the grievance procedures available at the jail while he was at the jail. 42 U.S.C. Section 1997e(a)(case filed by prisoner must be dismissed if prisoner failed to exhaust his administrative remedies before filing the lawsuit).  The $350 filing fee must be collected in installments even if a prisoner's case is dismissed before the case is served.  28 U.S.C. Section 1915(b)(1).

account.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ANALYSIS

Plaintiff's allegations fall into four categories:  (1) an arrest on July 27, 2013, allegedly without probable cause; (2) an alleged lack of medical treatment in the Livingston County Jail on or around May 24, 2014; (3) the alleged refusal of correctional officer Cranford to allow Plaintiff to use the toilet on July 5, 2014; and, (4) a general challenge to various conditions and policies at the Livingston County Jail.

Plaintiff's allegations are not related enough to proceed in one lawsuit.  Only claims arising from the same transactions or occurrences are properly joined against different Defendants.  Fed. R. Civ. P. 20(a); *see* George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E

infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.").

The allegations regarding Plaintiff's 2013 alleged arrest without probable cause for violating an order of protection, and the officers' alleged misconduct during the arrest (the destruction of Plaintiff's phone) appear to be against Deputy Brian Hoffmeier and Livingston County Sheriff Meredith.  According to Plaintiff, Sheriff Meredith allegedly directed Deputy Hoffmeier to serve an order of protection, but, instead of serving the order, Deputy Hoffmeier arrested Plaintiff for violating the order.  Plaintiff's phone was broken during the arrest and the officers allegedly threatened to burn Plaintiff's house down and made Plaintiff's son cry.  Plaintiff was allegedly released from jail the next day and not prosecuted because Plaintiff had never been served with the order of protection he purportedly violated.

At this point, the Court cannot rule out a possible Fourth Amendment claim for arrest without probable cause.  Whether Defendants had probable cause to arrest Plaintiff for violating an order of protection is a decision that must await input from Sheriff Meredith and Deputy Hoffmeier.  Additionally, the Court cannot

rule out a possible Fourth Amendment constitutional claim regarding the alleged destruction of Plaintiff's phone during the arrest.

The rest of the allegations are not related enough to the 2013 arrest to proceed in this case. Without deciding whether Plaintiff states a federal claim, Plaintiff's alleged lack of medical treatment in the Livingston County Jail in 2014 would be against Dr. Williams, the physician who allegedly refused to treat Plaintiff for a knife wound to Plaintiff's face. Similarly, Plaintiff's allegations challenging the conditions at the Jail—black mold, discriminatory phone fees among detainees based on their county of residence, and the rules against taking certain property to the state prison—would arguably be against the jail's superintendent and assistant superintendent, Defendants Cox and Inman. Lastly, Plaintiff's allegation that Officer Cranford denied Plaintiff's request to use his cell room toilet because the day room toilet was being used would be against Officer Cranford.

The Court stresses again that it is not deciding whether any federal claim is stated by any of the allegations, other than the allegations about the arrest. However, the Court does note that a

constitutional claim requires the allegation of facts which allow a plausible inference that Plaintiff's medical needs or the jail conditions were objectively serious and that the named Defendant was deliberately indifferent. Jails may be unpleasant without violating the Constitution, and the Constitution does not create a cause of action for unprofessional behavior. *See, e.g.,* Sain v. Wood, 512 F.3d 886, 894 (7th Cir. 2008)(peeling paint, foul odor, no air-conditioning, cockroach infestation and poor ventilation were not objectively serious enough to implicate constitution; Hughes v. Joliet Correctional Center, 931 F.2d 425, 429 (7th Cir. 1991)("crass and unprofessional behavior" alone does not violate Constitution). Additionally, deliberate indifference to a serious medical need generally means that a medical professional's treatment decision is blatantly outside of the accepted range of professional judgment. Sain, 512 F.3d at 894-95. Malpractice is not enough. Walker v. Peters, 233 F.3d 494, 499 (7th Cir. 2000).

This case will proceed only on Plaintiff's Fourth Amendment claims arising from his arrest. If Plaintiff seeks to pursue his other claims, he must file a motion to sever, attaching separate complaints. Kadamovas v. Stevens, 706 F.3d 843, 845 (7th Cir.

2013)("[I]f the assertion of different charges against different prison officials in the same complaint is confusing, he can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'")(quoting Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir.2012). His separate claims will be opened as new cases, and he will be required to pay the filing fee (in installments) in each case. 28 U.S.C. § 1915(b)(1).

If Plaintiff does not file a motion to sever, his other claims will be dismissed, without prejudice to refiling. However, Plaintiff is warned that a two-year statute of limitations generally applies to federal claims arising from conditions of confinement. Bryant v. City of Chicago, 746 F.3d 239, 241 (7th Cir. 2014)(In Illinois, § 1983 actions are subject to the two-year statute of limitations in 735 ILCS 5/13-202). This means that, in general, the lawsuit must be filed within two years of the alleged occurrence giving rise to the cause of action.

Further, Plaintiff is advised that each case Plaintiff files from prison or jail is subject to the "three-strike rule" under 28 U.S.C. § 1915(g), including any case that might be severed into a new case from this case. That rule states that if a case filed by a prisoner is

dismissed for failure to state a claim, or as frivolous or malicious, the prisoner is assessed a "strike" under 28 U.S.C. § 1915(g).  If a prisoner accumulates three "strikes," then the prisoner will not be allowed to proceed in forma pauperis in future cases, unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  Additionally, if a prisoner files a claim before exhausting his administrative remedies at the prison or jail, then the prisoner's case must be dismissed and he will still have to pay the filing fee in installments.  That means that Plaintiff must have used the available grievance procedures at the jail (if any) regarding what happened to him in the jail before filing a lawsuit in federal court about those occurrences.  Lastly, prisoners cannot recover money damages for emotional suffering unless they also suffered a physical injury.  42 U.S.C. § 1997e(e).

Before pursuing additional cases, Plaintiff should carefully consider whether he actually has a federal claim, whether he exhausted his available administrative remedies, and whether the pursuit of his claims is worth paying the filing fee.

**IT IS THEREFORE ORDERED:**

1) This case proceeds solely on Plaintiff's Fourth Amendment claims against Defendants Meredith and Hoffmeier arising from Plaintiff's arrest on or around July 27, 2013.

2) If Plaintiff seeks to pursue a claim regarding his medical care in the Livingston County Jail against the persons who provided that medical care, then he must file a motion to sever by March 1, 2016. Plaintiff must attach to the motion to sever a new complaint setting forth Plaintiff's allegations regarding his medical condition, his requests for treatment, and the responses and treatment he received.

3) If Plaintiff seeks to pursue a claim regarding the conditions at the Livingston County Jail against the persons responsible for those conditions, then he must file a motion to sever by March 1, 2016. Plaintiff must attach to the motion to sever a new complaint setting forth Plaintiff's allegations regarding the jail conditions, his attempts to notify the persons responsible for those conditions, and the responses he received.

4) If Plaintiff does not file a motion or motions to sever by March 1, 2016, then all of Plaintiff's claims will be dismissed,

without prejudice to refiling, except for Plaintiff's Fourth Amendment claims about his arrest.

5) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

6) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said

Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

9) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not

filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

    10)   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

    11)   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

    12)   If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant

to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

13) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

14) **The clerk is directed to attempt service on Defendants Meredith and Hoffmeier pursuant to the standard procedures.**

15) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

16) **The clerk is directed to terminate Defendants Williams, Inman, and Cranford.**

ENTERED: 02/04/2016

FOR THE COURT:

                                          **s/Joe Billy Mcdade**
                                          JOE BILLY MCDADE
                                    UNITED STATES DISTRICT JUDGE